IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

YOLANDA Y. BELL,

    Plaintiff,                                No. CIV 2:12-cv-1414-GEB-JFM (PS)

    vs.

UNITED STATES DEP'T OF INTERIOR,
KENNETH SALAZAR, *Secretary*, *et al.*,     ORDER AND

    Defendants.                         FINDINGS & RECOMMENDATIONS

_____/

        This matter is before the court on defendants' motion to dismiss. The individual defendants Donald Glaser, Katherine Thompson and Joni Ward seek dismissal of this action with prejudice as to them as a matter of law. The court has determined that the matter shall be submitted upon the record and briefs on file and accordingly, the date for hearing of this matter shall be vacated. Local Rule 230. On review of the motion and opposition, and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

        Plaintiff, an African-American female proceeding in pro per, initiated this action on December 27, 2011 in the Northern District of California and is proceeding on an amended complaint filed June 12, 2012 against defendants Kenneth Salazar, Secretary of the Department

1

of Interior ("DOI"); Donald Glaser, Regional Director of the DOI; Katherine Thompson, Assistant Regional Director of the DOI; and Joni Ward, Employee Relations Specialist for the DOI. Plaintiff's suit is brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and the Rehabilitation Act, 29 U.S.C. § 701, and alleging race discrimination, retaliation, and hostile work environment.

This case was transferred to this court on May 24, 2012. On June 25, 2012, defendant Salazar filed an answer. Also on June 25, 2012, the moving defendants filed the instant motion to dismiss. Plaintiff opposes this motion.

Also pending is plaintiff's June 15, 2012 motion for permission to file electronically. Doc. No. 36. This request will be granted.

DISCUSSION

Defendants Glaser, Thompson and Ward seek dismissal of this action with prejudice as to them on the ground that plaintiff's Title VII and Rehabilitation Act claims cannot be brought against individual defendants. Defendants' point is well-taken. "[T]he Civil Rights Act of 1964, as amended, provides the exclusive judicial remedy for claims of discrimination in federal employment." Brown v. General Services Administration, 425 U.S. 820, 835 (1976). In a civil action brought pursuant to Title VII, "the head of the department, agency, or unit, as appropriate, shall be the defendant." 42 U.S.C.A. § 2000e–16. The Ninth Circuit has "consistently held that Title VII does not provide a cause of action for damages against supervisors or fellow employees." Holly D. v. Cal. Inst. of Tech., 339 F.3d 1158, 1179 (9th Cir. 2003) (internal citations omitted). Thus, while a Title VII plaintiff may bring claims against the head of an agency in his or her official capacity, federal officials cannot be sued in their individual capacities. See Sommatino v. United States, 255 F.3d 704, 707 n.1 (9th Cir. 2001); White v. Gen. Servs. Admin., 652 F.2d 913, 916 (9th Cir. 1981). This requirement of Title VII also applies to claims alleged pursuant to the Rehabilitation Act. See 29 U.S.C. § 794a(a)(1) (making the remedies, procedures and rights set forth in 42 U.S.C. § 2000e–16 available in

claims asserting violations of 29 U.S.C. § 791); Lopez v. Johnson, 333 F.3d 959, 961 (9th Cir. 2003) (per curiam) ("For complaints filed under section 501, the [Rehabilitation Act] borrows 'the remedies, procedures, and rights' from Title VII of the Civil Rights Act of 1964.") (citing 29 U.S.C. § 794a(a)(1)); Mahoney v. U.S. Postal Serv., 884 F.2d 1194, 1196 & n.1 (9th Cir. 1989) (stating that "the Rehabilitation Act simply makes available to victims of handicap discrimination the rights and remedies embodied in Title VII," and holding that the head of the United States Postal Service was the only appropriately named defendant).

Plaintiff counters that an agency head can include heads of regional offices of an agency and, as such, defendants Glaser and Thompson are proper defendants. Similarly, plaintiff argues that Ward, as the head of a subdivision of the DOI, is also properly named as a defendant. The cases relied on by plaintiff in support of this proposition, however, are inapposite as they are cases addressing claims brought pursuant to 42 U.S.C. § 1983 and Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388 (1971).

Accordingly, IT IS HEREBY ORDERED that:

1. The July 26, 2012 hearing on defendants' motion to dismiss is vacated;

2. Plaintiff's request to file electronically is granted; and

IT IS HEREBY RECOMMENDED that:

1. Defendants' June 25, 2012 motion to dismiss be granted; and

2. Defendants Donald Glaser, Katherine Thompson and Joni Ward be dismissed from this action with prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised

/////

1 that failure to file objections within the specified time may waive the right to appeal the District
2 Court's order.  Martinez v. Ylst, 95 1 F.2d 1153 (9th Cir. 1991).
3 DATED: July 24, 2012.

_____
UNITED STATES MAGISTRATE JUDGE

/014;bell1414.mtd