IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

YOLANDA Y. BELL,

        Plaintiff,                                No. CIV 2:12-cv-1414-GEB-JFM (PS)

    vs.

UNITED STATES DEP'T OF INTERIOR,
KENNETH SALAZAR, *Secretary*, *et al.*,

        Defendants.                             <u>ORDER</u>

           /

        Pending before the court is plaintiff's administrative motion to relate cases. Defendant opposes the motion. On review of the motion, the documents filed in support and opposition, and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

        Plaintiff, an African-American female proceeding in pro per, initiated this action on December 27, 2011 in the Northern District of California and is proceeding on an amended complaint filed June 12, 2012 against defendants Kenneth Salazar, Secretary of the Department of Interior ("DOI"); Donald Glaser, Regional Director of the DOI; Katherine Thompson, Assistant Regional Director of the DOI; and Joni Ward, Employee Relations Specialist for the DOI. Plaintiff's suit is brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and the Rehabilitation Act, 29 U.S.C. § 701, and alleging race and disability

1

discrimination, retaliation, and hostile work environment. This case was transferred to this court on May 24, 2012.

Plaintiff seeks to relate this case to <u>Burks v. Salazar et al.</u>, 2:12-cv-1975-JAM-DAD (PS), which was also initiated in the Northern District of California and transferred to this court on July 27, 2012. The court has examined the operative complaint in that action and finds that the plaintiff in that case, also an African American female, states claims against Salazar for race and age discrimination, retaliation, harassment, removal of managerial responsibilities, and reassignment of position.

Pursuant to Local Rule 123(a),

An action is related to another action within the meaning of this Rule when

> (1) both actions involve the same parties and are based on the same or a similar claim;
>
> (2) both actions involve the same property, transaction, or event;
>
> (3) both actions involve similar questions of fact and the same question of law and their assignment to the same Judge or Magistrate Judge is likely to effect a substantial savings of judicial effort, either because the same result should follow in both actions or otherwise; or
>
> (4) for any other reasons, it would entail substantial duplication of labor if the actions were heard by different Judges or Magistrate Judges.

Examination of the above-entitled actions reveals that these cases are not related within the meaning of Local Rule 123(a), E.D. Cal. (2011). Initially, since the plaintiffs in the two actions differ, the actions do not involve the same parties per Local Rule 123(a)(1). Next, the actions do not involve the same transaction or event. <u>See id.</u> 123(a)(2). Furthermore, although each case asserts claims of racial discrimination and retaliation, each case also sets forth separate claims of age discrimination and disability discrimination. As such, the actions do not involve the same transaction or event or similar questions of fact or the same question of law.

/////

/////

1    Accordingly, IT IS HEREBY ORDERED that plaintiff's motion to relate cases is
2 denied.
3 DATED: September 7, 2012.

_____
UNITED STATES MAGISTRATE JUDGE

/014;bell1414.relate