IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

YOLANDA Y. BELL,

    Plaintiff,　　　　　　　　　　　　No. CIV 2:12-cv-1414-GEB-JFM (PS)

  vs.

UNITED STATES DEP'T OF INTERIOR,
KENNETH SALAZAR, *Secretary*,

    Defendant.　　　　　　　　　　　　<u>ORDER</u>

_____/

      Pending before this court is plaintiff's motion to appoint counsel. Plaintiff, who has paid the filing fee in this action and is not proceeding in forma pauperis, seeks appointment of counsel on the grounds that she is indigent, she is unable to work due to her medical condition, she has exercised reasonable diligence in attempting to obtain assistance of counsel, she is the primary caretaker for her disabled sister, and she lacks legal knowledge to litigate this case. Plaintiff has set this matter for hearing. The court has determined that the matter shall be submitted upon the record and briefs on file and accordingly, the date for hearing of this matter shall be vacated. Local Rule 230.

      Although plaintiff's request is understandable under the circumstances, the Constitution provides no right to appointment of counsel in a civil case unless an indigent

1

1  litigant may lose his physical liberty if he loses the litigation.  Lassiter v. Dept. of Social
2  Services, 452 U.S. 18, 25 (1981).  Also, under 28 U.S.C. § 1915(e)(1), a district court has the
3  discretion to appoint counsel to represent an "indigent civil litigant," but only under "exceptional
4  circumstances," the determination of which requires an evaluation of both (1) the likelihood of
5  success on the merits, and (2) the ability of the plaintiff to articulate her claims pro se in light of
6  the complexity of the legal issues involved.  Aldabe v. Aldabe, 616 F.2d 1089, 1093 (9th Cir.
7  1980).

8         Here, plaintiff is not facing a loss of liberty, so Lassiter is inapplicable.  In
9  addition, she has not yet demonstrated that she is indigent under 28 U.S.C. § 1915(e)(1).
10 Furthermore, at this point in the proceedings, the undersigned is unable to make a determination
11 that plaintiff is likely to succeed on the merits of her claims for race discrimination, retaliation,
12 and hostile work environment.  Lastly, on the record before the court, plaintiff's claims are not
13 complex and plaintiff has thus far been able to articulate her claims pro se.  Accordingly, the
14 undersigned will deny plaintiff's request for the appointment of counsel.

15        Accordingly, IT IS HEREBY ORDERED that:
16        1. The November 15, 2012 hearing on this matter is vacated; and
17        2. Plaintiff's motion for appointment of counsel is denied without prejudice.
18 DATED: November 1, 2012.

_[signature]_
UNITED STATES MAGISTRATE JUDGE

/014;bell1414.mac