UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

YOLANDA Y. BELL,

              Plaintiff,

      v.

UNITED STATES DEP'T OF INTERIOR,
KENNETH SALAZAR, Secretary,

              Defendant.

No.  2:12-cv-01414-TLN-JFM

**ORDER**

       This matter is before the Court on Plaintiff's motion for reconsideration of the Magistrate Judge's order denying appointment of counsel ("Motion").  (Mot. to Reconsider Appointment of Counsel, ECF No. 79.)  For the reasons set forth below, Plaintiff's Motion is DENIED.

## BACKGROUND

       Plaintiff Yolanda Bell ("Plaintiff") brought this action, pro se, against Defendants alleging acts of discrimination, retaliation, and hostile work environment under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, and the Rehabilitation Act, 29 U.S.C. § 701, in connection with her former employment with the Department of Interior/Bureau of Reclamation. (Employment Discrimination Complaint, ECF No. 1.)  On October 22, 2012, Plaintiff requested

1

1  the Court appoint her counsel.  (Mot. Requesting Appointment of Counsel, ECF No. 55.)

2  Magistrate Judge Moulds denied Plaintiff's request, without prejudice, on November 2, 2012.

3  (Order, ECF No. 57.)  Plaintiff filed the instant Motion to Reconsider on May 17, 2013.  (ECF

4  No. 79.)  By this Motion, Plaintiff states that she is unable to pay the costs of the proceeding, and

5  is unable to hire an attorney because she is not working and has been unable to work since

6  October 2012 due to her medical condition.  Plaintiff states that she has attempted to employ

7  counsel by contacting private attorneys as well as legal aid organizations, lawyer referral services,

8  pro bono attorneys, and law school clinics, without success.  Plaintiff states that she is unable to

9  litigate the case on her own behalf because of her medical condition which has worsened over the

10  last several months and which affects both her ability to concentrate and her short term memory.

11  Plaintiff also states that her knowledge of the law is limited and the issues in this case are

12  complex.  Plaintiff states that unless qualified counsel is appointed she will not be able to

13  meaningfully pursue her claims.  (ECF No. 79.)

14  **STANDARD**

15      A party may seek reconsideration of a Magistrate Judge's ruling from the District

16  Judge.  *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); L.R. 303(c).  The request must

17  specify the ruling, or part thereof, objected to and the basis for that objection.  L.R. 303(c).  The

18  district court shall uphold the Magistrate Judge's ruling unless the ruling is clearly erroneous or

19  contrary to law.  *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); L.R. 303(f).

20  **ANALYSIS**

21      As a threshold matter, this Court finds that Plaintiff's Motion objecting to the

22  Magistrate Judge's order is untimely.  A party seeking reconsideration from the Magistrate

23  Judge's ruling is due within fourteen (14) days from service of the ruling unless the Magistrate

24  Judge prescribes a different time.  Fed. R. Civ. P. 72(a) (". . . A party may serve and file

25  objections to the order within 14 days after being served with a copy. A party may not assign as

26  error a defect in the order not timely objected to. . . .");  L.R. 303(b) ("Rulings by Magistrate

27  Judges pursuant to this Rule shall be final if no reconsideration thereof is sought from the Court

28  within fourteen (14) days calculated from the date of service of the ruling on the parties, unless a

2

1    different time is prescribed by the Magistrate Judge or the Judge."). Here, the Magistrate Judge

2    entered and served the Order denying Plaintiff's motion to appoint counsel on November 2, 2012.

3    (ECF No. 57.) Plaintiff's motion for reconsideration was due then 14 days after service of that

4    November 2, 2012, order, but Plaintiff did not file this Motion until May 17, 2013, six months

5    later. Although the Court construes documents filed by pro se litigants liberally, pro se litigants

6    are still required to comply with federal and local rules. *See Carter v. C.I.R.*, 784 F.2d 1006,

7    1008 (9th Cir. 1986) ("Although pro se, [plaintiff] is expected to abide by the rules of the court in

8    which he litigates."). Therefore, the Court finds that Plaintiff has waived her right to object to the

9    Magistrate Judge's November 2, 2012, Order.

10            Even if Plaintiff had made a timely motion for reconsideration, her Motion still

11   fails. It is well established that there is no absolute right to appointed counsel in civil

12   proceedings. *Hedges v. Resolution Trust Corp. (In re Hedges)*, 32 F.3d 1360, 1363 (9th Cir.

13   1994). An indigent litigant may have a right to counsel, however, if he or she may lose his

14   personal liberty as a result of the litigation. *Lassiter v. Dept. of Social Services*, 452 U.S. 18, 25–

15   26 (1981). Here, as the Magistrate Judge noted, Plaintiff is not proceeding as an indigent litigant.

16   (ECF No. 1:16–19; 2:8–9.) Furthermore, Plaintiff does not argue, nor did the Magistrate Judge

17   find, that Plaintiff would lose her personal liberty as a result of this litigation. (*See* ECF No. 2:8.)

18            The Court also has the authority to appoint counsel to an indigent litigant under 28

19   U.S.C. § 1915(e)(1) in "exceptional circumstances." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th

20   Cir. 1991). "A finding of exceptional circumstances requires an evaluation of both the likelihood

21   of success on the merits and the ability of the petitioner to articulate his claims *pro se* in light of

22   the complexity of the legal issues involved. Neither of these factors is dispositive and both must

23   be viewed together before reaching a decision." *Id.* (quoting *Wilborn v. Escalderon,* 789 F.2d

24   1328, 1331 (9th Cir.1986)) (internal quotation marks omitted). "The decision to appoint []

25   counsel is within 'the sound discretion of the trial court[.]'" *Agyeman v. Corrections Corp. of*

26   *America*, 390 F.3d 1101, 1103 (9th Cir. 2004) (quoting *Franklin v. Murphy,* 745 F.2d 1221, 1236

27   (9th Cir. 1984)).

28            Here, as the Magistrate Judge noted, Plaintiff is not proceeding as an indigent

1    litigant under 28 U.S.C. § 1915.  (ECF No. 57, 1:16–19; 2:8–9.)  Therefore, 28 U.S.C. §

2    1915(e)(1) is not applicable.  Even if Plaintiff was proceeding in forma pauperis, she has not

3    demonstrated exceptional circumstances.  The Magistrate Judge found it was too early to

4    determine the likelihood of the success of Plaintiff's claims, nor did Plaintiff include any

5    information to evaluate the likelihood of success on the merits in her moving papers.  The

6    Magistrate Judge also found Plaintiff's employment claims were not complex and that Plaintiff

7    has, thus far, been able to articulate her claims pro se.  A review of the record supports the

8    Magistrate Judge's findings.  Plaintiff filed her civil complaint which includes only four claims

9    for relief, all related to her former employment.  (ECF No. 1.)  Plaintiff's complaint also includes

10    specific references to statutes and detailed allegations supporting her claims for discrimination,

11    hostile work environment, and retaliation.  Additionally, Plaintiff has been able to file briefs in

12    support of and in opposition to motions and articulate her various arguments in those briefs.  (*See,*

13    *e.g.*, Opposition to Defendant's Motion to Dismiss Individual Defendants, ECF No. 44.)  In light

14    of the above, it is within this discretion of this Court to deny Plaintiff's request for appointment of

15    counsel.

16           This Court finds that Plaintiff's Motion is untimely and she has waived her right to

17    object to the Magistrate Judge's November 2, 2012, Order.  In any event, the Magistrate Judge's

18    ruling is not clearly erroneous and is not contrary to law.  Plaintiff's Motion for Reconsideration

19    is HEREBY DENIED.

20    IT IS SO ORDERED.

21    Dated: June 11, 2013

22

23

24    _____
     Troy L. Nunley

25    United States District Judge

26

27

28

4