UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YOLANDA YVETTE BELL,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES DEP'T OF INTERIOR, KENNETH SALAZAR, Secretary,<br><br>Defendants. | No. 2:12-cv-01414 TLN JFM (PS)<br><br><br><br>ORDER |

Plaintiff is proceeding in pro per in this action. Currently before the court are plaintiff's requests to seal exhibits pursuant to Local Rule 141, filed on July 8, 2013, and July 16, 2013. ECF Nos. 91 and 97. Defendants have not submitted an opposition or statement of non-opposition as required by Local Rule 141.

In her first request to seal exhibits, filed July 8, 2013 (ECF No. 91), plaintiff requests to seal the following exhibits: ECF Nos. 86-3, 86-5 and 87-5.[1] These exhibits are third party subpoenas that contain plaintiff's Social Security number and date of birth, and a letter to defendants' counsel. ECF No. 91. Plaintiff requests that the court seal these exhibits because they contain her personal data identifiers. Local Rule 141 provides that "[d]ocuments may be

---

[1] Upon plaintiff's filing of her request to seal, the Clerk of the Court temporarily sealed these exhibits. For the reasons discussed below, ECF Nos. 86-3 and 87-5 will remain sealed notwithstanding plaintiff's filing of redacted versions.

1

sealed only by written order of the Court, upon the showing required by applicable law." L.R. 141(a). Plaintiff has provided no authority in support of her request to seal the entirety of the exhibits. Furthermore, third party subpoenas and correspondence with counsel are generally not the type of judicial records that are sealed. See Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (a party seeking to seal a judicial record bears the burden of overcoming a strong presumption in favor of access); Phillips v. General Motors, 307 F.3d 1206, 1210, 1213 (9th Cir. 2002) (non-dispositive documents and exhibits may be sealed if the party shows "good cause" for limiting access). However, the court is cognizant that a party's personal data identifiers must be kept from the judicial record. Local Rule 140 provides the following guidelines for redacting personal data identifiers:

> [W]hen filing documents, counsel and the Court shall omit or, where reference is necessary, partially redact the following personal data identifiers from all pleadings, documents, and exhibits, whether filed electronically or on paper, unless the Court orders otherwise:
>
> . . . .
>
>     (iii)    Social Security numbers: Use only the last four numbers;
>
>     (iv)    Dates of birth: Use only the year;
>
> . . . .

L.R. 140(a). Thus, the party filing exhibits containing such identifiers (in this instance, the plaintiff) is required to redact that information prior to filing the exhibit. That was not done here. Therefore, an order sealing the pages of the earlier filed exhibits containing plaintiff's personal data identifiers, i.e. ECF No. 86-3 at 1, 5-6, 8, 12-13, 15, 19-20, 22, 26-27, 29, 33-34, and ECF No. 87-5 at 1, 5-6,[2] and directing plaintiff to re-file partially redacted versions of those exhibits which do not display plaintiff's personal data identifiers is appropriate. Plaintiff's request to seal will otherwise be denied and plaintiff will be granted leave to re-file partially redacted versions of these exhibits in accordance with L.R. 140.

---

[2] The court notes that ECF No. 86-5 does not contain any personal data identifiers. Therefore, the Clerk of the Court is directed to unseal this exhibit.

In her second request to seal, filed July 16, 2013, plaintiff requests to seal a document described as a letter from her physician. ECF No. 97. However, it is unclear what filing, if any, the document pertains to (i.e., a motion), and the court cannot determine which filing the document is related to. Therefore, this request will be denied, and the document will not be included on the court's docket.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's requests to seal exhibits (ECF Nos. 91 and 97) are denied;
2. Within seven days of the date of this order, plaintiff is directed to re-file partially redacted versions of the following exhibits in accordance with Local Rule 140: ECF Nos. 86-3 and 87-5; and
3. The Clerk of the Court is directed to unseal ECF No. 86-5.

DATED: July 31, 2013.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

3