1

2

3

4

5

6

7

8                              UNITED STATES DISTRICT COURT

9                        FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    YOLANDA YVETTE BELL,                         No.  2:12-cv-1414-TLN-JFM PS

12              Plaintiff,

13         v.                                       ORDER AND

14    UNITED STATES DEP'T OF INTERIOR,              FINDINGS & RECOMMENDATIONS
      KENNETH SALAZAR, Secretary,
15
                Defendant.
16

17    I.     INTRODUCTION

18          On August 28, 2013, a hearing was held on this court's order to show cause.  ECF No.

19    141.  Plaintiff appeared telephonically in pro per, and Victoria Boesch appeared on behalf of

20    defendant.  After considering the supporting documentation and oral arguments, and for the

21    reasons discussed at the hearing, IT IS HEREBY RECOMMENDED that this action be dismissed

22    for failure to comply with discovery rules and this court's orders.

23    II.    BACKGROUND

24          On December 27, 2011, plaintiff, a former GS-14 Supervisory Contract Specialist for the

25    Department of the Interior Bureau of Reclamation ("DOI/BOR"), initiated her employment

26    discrimination action in the Northern District of California naming DOI/BOR; Kenneth Salazar,

27    Secretary; Donald Glaser; Katherine Thompson; and Joni Ward as defendants.[1]  ECF No. 1.  On

28    ---
      [1] On May 24, 2012, the Northern District of California issued an order transferring plaintiff's

                                                  1

1  January 12, 2012, plaintiff filed her operative first amended complaint, alleging violations of (1)

2  Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq.; (2) the Rehabilitation Act of

3  1973, 29 U.S.C. §§ 710 et seq.; (3) reprisal for engaging in protected activities; and (4) a hostile

4  and abusive work environment.[2]  ECF No. 5.

5        On November 20, 2012, the parties filed a joint status report.  ECF No. 58.  Following the

6  court's November 29, 2012, initial scheduling conference, the court ordered the parties to

7  complete discovery by May 3, 2013.  ECF No. 62.  On February 6, 2013, the parties filed a

8  stipulation to continue the scheduling order dates by two months.  ECF No. 64.  This stipulation

9  was entered into pursuant to plaintiff's request to accommodate her illness.  See ECF No. 71-2 at

10  19-20.  On February 21, 2013, the court granted the parties' stipulation, and continued the

11  discovery cut-off deadline to July 3, 2013.  ECF No. 65.

12        On March 22, 2013, plaintiff filed a motion to continue the scheduling order deadlines by

13  an additional four months because she had been "severely ill" and "experiencing severe financial

14  hardship."  ECF No. 68.  Defendant opposed plaintiff's motion, arguing that she had failed to

15  conduct any discovery, which included a failure to respond to existing discovery requests, and to

16  appear for her properly noticed deposition.  ECF No. 74.  Based on plaintiff's failures to respond

17  to defendant's properly served and noticed discovery requests, defendant filed a motion to

18  dismiss for failure to prosecute and a motion for discovery sanctions in the form of dismissal.

19  ECF Nos. 71, 75.

20        In defendant's opposition to plaintiff's motion to continue, and related motions for

21  dismissal, defendant summarized plaintiff's failures to provide discovery responses or deposition

22  testimony.  ECF No. 71.  Defendant's first set of discovery requests were served on January 25,

23  2013.  Id. at 2, Exs. B and C.  At plaintiff's request, the deadline for her responses to these

24  discovery requests was extended to March 25, 2013.  Id., Ex. E.  Defendant served a second set of

25  action to the Eastern District of California pursuant to the parties' stipulation, and because
    plaintiff was employed in Sacramento and most of the witnesses appear to reside in this district.
26  ECF No. 33.

27  [2] On September 11, 2012, the court adopted findings and recommendations recommending
    granting defendants Glaser, Thompson and Ward's motion to dismiss, and dismissing them from
28  this action.  ECF No. 54.

1    discovery requests on April 2, 2013.  As of the filing of defendant's motions in mid-May, plaintiff

2    had not provided responses to these requests which were due on March 25, 2013 and May 6,

3    2013, respectively.  ECF No. 71-1 at 3.

4           With regard to plaintiff's deposition, defendant originally noticed it for March 27, 2013,

5    but later rescheduled it to April 25, 2013, pursuant to plaintiff's request.  ECF No. 71-1 at 2, Ex.

6    E.  On April 24, 2013, plaintiff e-mailed defense counsel indicating she would not appear for her

7    April 25, 2013, deposition, and did not provide an alternate date.  Id., Ex. M.  On April 24, 2013,

8    defense counsel responded to plaintiff's e-mail, explaining that defendant would "file a motion

9    with the Court regarding [plaintiff's] failure to respond to discovery that seeks all available

10   remedies, which may include termination of [plaintiff's] case."  Id. at 3, Ex. N.  Despite

11   defendant's warning, and with the understanding that she would be facing a motion to dismiss her

12   action, plaintiff failed to appear for her April 25, 2013, deposition.  Id. at 3.

13          On May 29, 2013, the court heard plaintiff's motion to continue the scheduling order; and

14   defendant's motion to dismiss for failure to prosecute and motion for discovery sanctions.  ECF

15   No. 82.  During the hearing, the undersigned explained to plaintiff that an extension of the

16   scheduling order deadlines cannot be granted without good cause which requires a showing of

17   due diligence.  The court noted that although plaintiff did not dispute that she had failed to timely

18   respond to defendant's discovery efforts, her request for additional time offered no clear

19   explanation of what efforts or actions she took to conduct any meaningful discovery or to respond

20   to the defendant's discovery requests up to that point.  See ECF No. 68.  Given plaintiff's lack of

21   effort to comply with her obligations and the absence of any showing that she was not able to

22   meet the deadlines in spite of those efforts, plaintiff failed to demonstrate the requisite good cause

23   for an extension of time.

24          Notwithstanding plaintiff's lack of diligence, the undersigned took account of plaintiff's

25   claimed medical and financial difficulties and her pro se status, and continued the discovery and

26   dispositive motions cut-off by two additional months, setting a September 3, 2013, discovery cut-

27   off deadline.  ECF No. 83.  The undersigned also ordered that "[n]o further modifications of the

28   scheduling order will be granted except upon a showing of good cause" per Johnson v. Mammoth

3

1   Recreations, Inc., 975 F.2d 604 (9th Cir. 1992). <u>Id.</u>  While considering defendant's motion to

2   dismiss, the court noted that it was premature to impose sanctions in the form of dismissal

3   without having first warned the plaintiff that dismissal was imminent. <u>Id.</u> (citing <u>Johnson v. U.S.</u>

4   <u>Dept. of Treasury</u>, 939 F. 2d 820, 825-26 (9th Cir. 1991)).  The court therefore explicitly put

5   plaintiff on notice that if she failed to litigate her case or comply with court rules or orders, her

6   case could be dismissed. <u>Id.</u>  The court also denied defendant's motion for discovery sanctions.

7   <u>Id.</u> (citing <u>Hyde & Drath v. Baker</u>, 24 F.3d 1162, 1167 (9th Cir. 1994)).

8          On July 31, 2013, defendant filed a motion to compel independent medical examination

9   pursuant to Fed. R. Civ. P. 35.  ECF No. 102.  Following the court's August 7, 2013, hearing on

10  defendant's motion, and plaintiff's subsequent opposition thereto, the court issued an order

11  granting defendant's motion and ordering plaintiff to appear for an independent medical

12  examination by Dr. Mark Mills, M.D., on August 21, 2013, in Chevy Chase, Maryland.[3]  ECF

13  No. 129.  In the order granting defendant's motion, the court found good cause for a Rule 35

14  examination because plaintiff's allegations that defendant's conduct caused her numerous

15  physical and mental health-related injuries put her mental state "genuinely in controversy." <u>Id.</u> at

16  12 (citing <u>Schlagenhauf v. Holder</u>, 379 U.S. 104, 118 (1964)).  The court also addressed

17  plaintiff's hardship concerns regarding a forty-mile drive from her home in Virginia to Maryland

18  for the examination.  The court found, among other things, that "[t]he location for the

19  examination is in reasonable proximity to the location where plaintiff resides and any

20  inconvenience or burden from driving to the exam is minimal in contrast to the burden plaintiff

21  will face by proceeding to trial in this case." <u>Id.</u> at 13.

22         Plaintiff did not seek reconsideration of this court's August 19, 2013, order compelling

23  her independent medical exam. <u>See</u> Fed. R. Civ. P. 72; L.R. 303.

24         The morning of the scheduled examination, on August 21, 2013, plaintiff drove to Dr.

25  Mills' office but would not leave her car to enter his office for the examination.  Plaintiff refused

26  
_____

27  [3] The court also heard plaintiff's motion to quash and motion for protective order on August 7, 2013.  ECF No. 129.  Those motions are not relevant to this court's analysis.  However, plaintiff's filings over the past several months do illustrate that plaintiff is capable of litigating her action

28  when she wishes to do so.

1    to appear for the examination claiming that she was concerned with Dr. Mills' office location.

2    That same morning, following some telephonic discussions between the parties, the court held a

3    telephonic conference with the parties during which plaintiff articulated the following additional

4    concerns:  Dr. Mills' office was located in a residential area, his office is not zoned properly, and

5    he is not licensed to practice in Maryland.  Defense counsel represented that Dr. Mills spoke with

6    plaintiff outside his office assured her that she was at his office and offered for her to look around

7    his office.  The undersigned considered plaintiff's objections and specifically declined to vacate

8    the August 19, 2013, order requiring the examination.  ECF No. 132.  During the telephone

9    conference, the court explained to plaintiff that the court had previously found Dr. Mills to be

10   eminently well-qualified to conduct the examination, and the fact that his office is in what she

11   considers a residential area does not alter the court's ruling.  The court specifically admonished

12   plaintiff as to the consequences of failing to comply with the court's order "and that sanctions

13   could include an order to compensate for the costs incurred by defendant for having the medical

14   expert waiting on plaintiff, and/or an order for dismissal of the action."  Id.  The court advised

15   plaintiff that if she violated the order, the matter would proceed by way of an Order to Show

16   Cause.  The court noted that defendant would have to file a motion for an order to show cause in

17   the event plaintiff failed to proceed with the scheduled examination.  Id.

18        Notwithstanding the court's ruling, and the earlier admonition on August 21, 2013,

19   regarding failure to comply with discovery rules and orders, plaintiff refused to comply with this

20   court's explicit order to appear for her examination.  Accordingly, defendant filed an application

21   for order to show cause regarding sanctions.[4]  ECF No. 133.  Defendant seeks reimbursement of

22   Dr. Mills' examination fee as well as dismissal of plaintiff's action.  On August 26, 2013, this

23

24   [4] In the interim, plaintiff filed another motion to continue the scheduling order deadlines (ECF No. 122), a "motion for reasonable accommodation" (ECF No. 121), and a related request to seal exhibits (ECF No. 131).  In light of the court's findings and recommendations, these outstanding

25   motions and requests are denied.  The court notes, however, that these motions simply underscore the pattern of plaintiff litigating this action only at her convenience rather than by adhering to the

26   Federal Rules of Civil Procedure, the Local Rules of this court, or this court's orders. Additionally, plaintiff's related August 26, 2013, "emergency ex parte application and declaration

27   for shortening time" (ECF No. 139) was rendered moot by this court's prior order setting an August 28, 2013, hearing on plaintiff's motion to continue, and is therefore also denied.  See ECF

28   No. 136.

1    court ordered plaintiff to appear to show cause why her case should not be dismissed for failure to

2    appear for the court-ordered examination.  ECF No. 136.

3    III.    DISCUSSION

4            Defendant's application for an order to show cause requests both reimbursement for Dr.

5    Mills' $3,600.00 examination fee and an order of dismissal.  ECF No. 133.  Defendant argues that

6    plaintiff's refusal to attend the examination came just two weeks before the September 3, 2013,

7    discovery cut-off deadline, and has deprived defendant of "critical evidence needed to prepare a

8    defense to her allegations."  Id. at 2.  Defendant points to plaintiff's prior obstructions of

9    discovery efforts such as her failure to respond to discovery requests, her efforts to quash

10   defendant's third party subpoenas, and now her attempt to "evade" her independent medical

11   examination.  Id.  In opposing dismissal, plaintiff repeats her argument, *inter alia*, that Dr. Mills'

12   office was in a residential area and he is not licensed to practice in Maryland, therefore she was

13   justified in not attending the court-ordered independent medical examination.[5]  ECF No. 137.  For

14   the reasons discussed below, the court recommends that plaintiff's action be dismissed with

15   prejudice for repeated failures to comply with discovery rules and court orders.[6]

16   A.     Legal Standard

17          "Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an

18   action for failure to comply with any order of the court."  Ferdik v. Bonzelet, 963 F.2d 1258,

19   1260 (9th Cir. 1992).  "A district court must weigh five factors in determining whether to dismiss

20   [5] Plaintiff filed a request to seal an exhibit attached to her opposition to defendant's ex parte
21   application for order to show cause.  ECF No. 138.  She describes the exhibit as a "[l]etter
     regarding specific health conditions of Plaintiff and current status thereof."  Id.  However, the
22   exhibit is a July 25, 2013, letter from plaintiff's treating physician regarding defendant's third
     party subpoena; and has already been submitted by plaintiff on more than one occasion.  See ECF
23   Nos. 137-2 at 11 and 100-16 at 1.  Therefore, plaintiff's request to seal is denied.  Because
     plaintiff has already submitted this exhibit, plaintiff will not be ordered to re-file the exhibit as
24   unsealed.

25   [6] In her opposition to defendant's application, plaintiff requested that the undersigned recuse
     himself because of the court's determination that Dr. Mills is eminently well-qualified to conduct
26   her independent medical examination.  The court construes plaintiff's request as a motion for
     recusal.  As stated on the record during the court's August 28, 2013, order to show cause hearing,
27   the court made this finding after reviewing Dr. Mills' curriculum vitae which was an exhibit
     properly before the court.  See ECF No. 102-1.  The fact that the court considered Dr. Mills'
28   qualifications is in no way a consideration of information outside the record or a showing of bias.
     Therefore, plaintiff's motion for recusal is denied.

1   a case for failure to comply with a court order: "(1) the public's interest in expeditious resolution

2   of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants;

3   (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less

4   drastic sanctions."  Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (internal

5   quotations and citations omitted).  These relevant factors should be explicitly addressed when

6   contemplating dismissal.  Pagtalunan v. Galaza, 291 F.3d 639, 641 (9th Cir. 2002).  However,

7   these factors are "a way for a district judge to think about what to do, not a series of conditions

8   precedent before the judge can do anything."  Valley Engineers, Inc. v. Electric Engineering Co.,

9   158 F.3d 1051, 1057 (9th Cir. 1998).

10   B.     Analysis

11         For the reasons discussed below, the court finds each of the factors set forth in Malone

12   weigh in favor of dismissal of this action pursuant to Fed. R. Civ. P. 41(b).

13         (1)     The Public's Interest in Expeditious Resolution of Litigation

14         "The public's interest in expeditious resolution of litigation always favors dismissal."

15   Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999).  This action was initiated

16   over a year and a half ago in December 2011.  See Ferdik, 963 F.2d at 1261 (finding dismissal

17   was strongly favored because the plaintiff's "case dragged on for over a year and a half before it

18   finally was dismissed").  Plaintiff's failure to comply with specific court orders, as well as her

19   failure to conduct any meaningful discovery during the eight months the discovery period has

20   been open has impeded the interest in expeditious resolution of this litigation.

21         (2)     The Court's Need to Manage Its Docket

22         "The trial judge is in the best position to determine whether the delay in a particular case

23   interferes with docket management and the public interest."  Pagtalunan, 291 F.3d at 642 (citing

24   Yourish, 191 F.3d at 990).  Here, plaintiff's deliberate delay in litigating her action by attending

25   to the matters required by the Federal Rules of Civil Procedure, compounded by the flurry of

26   motions she has instead filed over the past several months, have consumed a significant amount

27   of the court's time and resources.  Despite the time and effort expended, and the twice-extended

28   discovery deadline which has given plaintiff more than adequate time to begin to litigate her

7

1   action, this matter has not moved forward toward resolution on the merits.  Instead, plaintiff has

2   devoted a significant amount of time interfering with defendant's attempts to complete discovery

3   in this case.  Plaintiff's obstructionist behavior has included her refusal to attend her deposition

4   thereby requiring a noticed motion, hearing and an order that she attend, her failure to respond to

5   written discovery, and her deliberate failure to comply with this court's order to appear for a Rule

6   35 examination--even after a telephonic conference call in which the court reconfirmed its order

7   that the exam go forward.  Considering plaintiff's incessant delay and failure to comply with

8   court-imposed deadlines and orders to comply with discovery rules, the court does not foresee a

9   change in her unwillingness to recognize the court's need to manage its docket.  See id. ("It is

10  incumbent upon the Court to manage its docket without being subject to routine noncompliance

11  of litigants.") (citation omitted); see also Ferdik, 963 F.2d at 1261 (finding dismissal appropriate

12  because the action "consumed large amounts of the court's valuable time.")  The court has

13  repeatedly warned and admonished plaintiff, all with no affect.  Therefore, the court finds this

14  factor weighs in favor of dismissal.

15          (3)     The Risk of Prejudice to the Defendants

16          "To prove prejudice, a defendant must establish that plaintiff's actions impaired

17  defendant's ability to proceed to trial or threatened to interfere with the rightful decision of the

18  case." Pagtalunan, 291 F.3d at 642 (citing Malone, 833 F.2d at 131); see also Adriana Intern.

19  Corp. v. Thoeren, 913 F.2d 1406, 1412 (9th Cir. 1990).  Here, defendant has been prejudiced by

20  plaintiff's actions.  The discovery cut-off was September 3, 2013.  Defendant scheduled

21  plaintiff's independent medical examination for August 21, 2013.  The lack of the independent

22  medical examination deprives defendant of the opportunity to prepare a defense to plaintiff's

23  allegations which include numerous health-related injuries that she allegedly sought treatment for.

24  Moreover, this is not the first time plaintiff has obstructed defendant's discovery efforts.  Plaintiff

25  has failed to both timely respond to discovery requests and appear for her noticed deposition.  See

26  ECF No. 83; see also In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d

27  1217, 1227 (9th Cir. 2006) ("[t]he law also presumes prejudice from unreasonable delay") (citing

28  Morris v. Morgan Stanley & Co., 942 F.2d 648, 652 (9th Cir. 1991)).  Defendant has had to

1   repeatedly engage plaintiff in unproductive calls, emails and correspondence imploring her to

2   comply with the discovery rules and the court's orders.  And after the meet and confer attempts

3   failed, defendants have had to pursue motions and attend hearings to obtain orders for plaintiff to

4   comply.  Plaintiff has needlessly increased the cost and burden of responding to her allegations in

5   the complaint.

6          The court finds that plaintiff's actions have impaired defendant's ability to proceed to trial

7   or prepare an effective defense to her allegations.  See Adriana, 913 F.2d at 1412 (finding

8   prejudice was established because "the repeated failure of [plaintiff] to appear at scheduled

9   dispositions compounded by their continuing refusal to comply with court-ordered production of

10  documents constitutes an interference with the rightful decision of the case"); see also Malone,

11  833 F.2d at 131 ("intentional and unjustified violation of the pretrial order prejudiced the

12  Government in a manner which justifies dismissal").  Therefore, the court finds this factor weighs

13  in favor of dismissal.

14          (4)     The Public Policy Favoring Disposition of Cases on Their Merits

15         "Public policy favors disposition of cases on the merits." Pagtalunan, 291 F.3d at 643

16  (citing Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998)).  "At the same time, a

17  case that is stalled or unreasonably delayed by a party's failure to comply with deadlines and

18  discovery obligations cannot move forward toward resolution on the merits.  Thus, [the Ninth

19  Circuit has] also recognized that this factor lends little support to a party whose responsibility it is

20  to move a case toward disposition on the merits but whose conduct impedes progress in that

21  direction." In re Phenylpropanolamine, 460 F.3d at 1228 (internal quotation and citation

22  omitted).

23         Here, plaintiff has made little effort to move this case forward on the merits.  She has

24  failed to timely respond to discovery, appear for her deposition and now appear for her court-

25  ordered medical examination.  While plaintiff claims she is willing to appear for the examination

26  (apparently on terms more to her liking), her actions indicate otherwise.  The court finds that

27  plaintiff's repeated delays thus far cause this factor to weigh in favor of dismissal.

28  /////

1    (5)    The Availability of Less Drastic Alternatives

2    It is important for the district court to consider less drastic alternatives than dismissal of a

3    party's action.  Pagtalunan, 291 F.3d at 643 (citing Yourish, 191 F.3d at 992).  As discussed

4    below, the court has carefully done so here.

5
6
7
8
9

> [The Ninth Circuit] conducts a three-part analysis when
> determining whether a district court has properly considered the
> adequacy of less drastic sanctions: (1) did the court explicitly
> discuss the feasibility of less drastic sanctions and explain why
> alternative sanctions would be inappropriate, (2) did the court
> implement alternative sanctions before ordering dismissal, and (3)
> did the court warn the party of the possibility of dismissal before
> actually ordering dismissal?

10    Adriana, 913 F.2d at 1412-13 (citing Malone, 833 F.2d at 132).  "But despite all this elaboration

11    of factors, [the Ninth Circuit has] said that it is not always necessary for the court to impose less

12    serious sanctions first, or to give any explicit warning."  Valley Engineers Inc., 158 F.3d at 1057

13    (citing Adriana, 913 F.2d at 1413).

14    With regard to feasibility, the court has considered less drastic sanctions and found them

15    to be ineffective.  The court considered imposing monetary sanctions on plaintiff at the hearing

16    on defendant's motion to dismiss and motion for sanctions on May 29, 2013.  However, given

17    plaintiff's representations to defense counsel and to the court of her financial hardship, the court

18    determined that a monetary sanction would simply go unpaid and would not deter future

19    noncompliance.  During the court's most recent order to show cause hearing, on August 28, 2013,

20    plaintiff again conveyed her financial hardship, indicating that she was unsure how she would be

21    able to pay her rent the following week.  Thus, monetary sanctions, while less drastic, offers no

22    effective means of deterring plaintiff's recalcitrance.

23    With regard to implementation of alternative sanctions, rather than imposing monetary

24    sanctions on plaintiff following the court's May 29, 2013, hearing, the court resorted to several

25    firm warnings that future noncompliance with this court's orders as well as the Federal Rules and

26    Local Rules, could result in dismissal of her action.  ECF Nos. 83, 132; see Malone, 833 F.2d at

27    132 ("warning a plaintiff that failure to obey a court order will result in dismissal can suffice to

28    meet the 'consideration of alternatives' requirement") (citations omitted).  In an effort to avoid

1    the harsh sanction of dismissal, the court warned plaintiff of the possibility of dismissal but also

2    made the following efforts to accommodate her alleged hardships:  twice extending the discovery

3    cut-off; ordering the parties to attempt to conduct plaintiff's deposition by video conference so

4    plaintiff would not have to travel from Virginia to this district; suggesting the parties discuss

5    alternative methods of production of documents in order for plaintiff to avoid the cost of copying

6    and mailing responses to defendant's requests for production; and recognizing defendant's efforts

7    to accommodate plaintiff by ordering plaintiff to appear for a Rule 35 examination in Maryland

8    rather than in the forum state of California.  ECF Nos. 65, 83, 129; see Malone, 833 F.2d at 132

9    (finding "district court's imposition of less drastic measures for lack of preparation during the

10   aborted first trial [was] sufficient indication . . . that alternatives were considered prior to

11   dismissal of [the plaintiff's] case for lack of preparation")

12        With regard to warning plaintiff of the possibility of dismissal before actually ordering

13   dismissal, plaintiff has been warned on more than one occasion that failure to comply with the

14   court's orders and discovery rules could result in dismissal of her action.  See ECF No. 83 at 3

15   (warning plaintiff that "failure to timely respond to further discovery requests or to appear for

16   deposition will result in sanctions which may include dismissal of her case").  Moreover, the

17   court specifically warned plaintiff that her case could be dismissed if she failed to appear for her

18   independent medical examination.  ECF No. 132; see Adriana, 913 F.2d at 1413 (the court must

19   "identify the party's action that will lead to the sanction") (citing In re Rubin, 769 F.2d 611, 618

20   n.7 (9th Cir. 1985)).  At some point, enough is enough.

21        Given the futility of imposing monetary sanctions, the court's efforts to accommodate

22   plaintiff, the implementation of several prior warnings, and the court's specific warning that

23   plaintiff's case could be dismissed if she failed to comply with this court's order to appear for her

24   examination, the court finds this factor weighs in favor of dismissal.

25   C.    Conclusion

26        For the foregoing reasons, the court finds that the above-referenced factors all weigh in

27   favor of dismissal.  Plaintiff's noncompliance has been deliberate and has caused repeated delays

28   and rescheduling of deadlines, an expenditure of a significant amount of this court's time and

11

1   resources, and an impairment of defendant's ability to proceed to trial.[7]  Therefore, the court

2   recommends dismissing plaintiff's action for a failure to comply with court orders.

3   III.    CONCLUSION

4           Accordingly, IT IS HEREBY ORDERED that:

5           1. Plaintiff's August 13, 2013, motion for a reasonable accommodation (ECF No. 121) is

6   denied;

7           2. Plaintiff's August 13, 2013, motion to continue the scheduling order deadlines (ECF

8   No. 122) is denied;

9           3. Plaintiff's August 19, 2013, request to seal (ECF No. 131) and August 26, 2013,

10  request to seal (ECF No. 138) are denied;

11          4. Plaintiff's August 26, 2013 motion for recusal (ECF No. 137) is denied;

12          5. Plaintiff's August 26, 2013, ex parte application for an order shortening time (ECF No.

13  139) is denied as moot; and

14          6.  The Clerk is directed to reassign this action to the undersigned.

15          Further, it is HEREBY RECOMMENDED that this action be dismissed with prejudice for

16  failure to comply with court orders.

17          These findings and recommendations are submitted to the United States District Judge

18  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

19  after being served with these findings and recommendations, any party may file written

20  objections with the court and serve a copy on all parties.  Such a document should be captioned

21  "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the

22  objections shall be filed and served within fourteen days after service of the objections.  The

23  parties are advised that failure to file objections within the specified time may waive the right to

24  appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

25  DATED:  September 11, 2013.

26  _____
    EDMUND F. BRENNAN

27  UNITED STATES MAGISTRATE JUDGE

28  _____
    [7] Indeed, at times plaintiff's conduct has appeared calculated to cause delay.

                                          12